UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOLLY BELLO, NEXT FRIEND
FOR PETITIONER, MAIQUE
GONZALEZ,

       Plaintiff,

       v.

PAM BONDI, ATTORNEY
GENERAL OF THE UNITED
STATES; et al.,

       Defendants.

Case No. 2:26-cv-127-KCD-NPM

                                  /

## **ORDER**

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Dolly Bello, as next friend of Maique Gonzalez, a Cuban national who is being detained by Immigration and Customs Enforcement at Alligator Alcatraz. (Doc. 1.) Bello also filed an Emergency Motion for a Temporary Restraining Order. (Doc. 4.)

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'[n]ext

friend' standing is by no means granted automatically[.]" *Id.* at 163. To demonstrate "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts and (2) show she is "truly dedicated to the interests" of the real party. *Id.*

Bello has not met this standard. Although Bello is Gonzalez's spouse and states that she is "dedicated to [his] best interests," there is no indication that Gonzalez is mentally incompetent or has been denied access to the courts. Bello's conclusory assertion that Gonzalez cannot file on his own behalf "due to detention conditions and lack of access to legal materials and mail," *see* Doc. 1 at 1, is unsupported. This Court sees numerous pro se petitioners in immigration custody seeking relief who face the same conditions as Gonzalez and are able to litigate their petition. At bottom, Bello has not shown that Gonzalez warrants any special protection by a next friend to litigate on his behalf.

Because Bello does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Gonzalez's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th

Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

**ENTERED** in Fort Myers, Florida on February 3, 2026.

Kyle C. Dudek
United States District Judge

3